UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| THOMAS BELL, | ) | CV F- 05-0515 REC DLB P |
| Plaintiff, | ) ) | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| v. | ) | |
| J. SULLIVAN, et.al., | ) ) | |
| Defendants. | ) ) | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. sec. 1983. Pending before the Court is Plaintiff's complaint filed April 19, 2005. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2); 28 U.S.C. § 1915(e)(2). If the court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.

1   Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000) (en banc).

2        Plaintiff names as defendants Warden J. Sullivan; Associate Warden K. Todd; Captain A.
3   Lopez; Nurse D. Buchanan; Health Care Manager I. Baroya; Officer R. Bennett; Sergeant Johnson;
4   and Sergeant Beckett.  As his statement of claims, plaintiff attaches a State of California Board of
5   Control Government Claim wherein he states that on October 13, 2003, defendant R. Bennett, in the
6   presence of defendant McKinney, "committed the act of negligence" when he cut plaintiff's flesh on
7   his right wrist while removing plaintiff's flex cuffs with "cutters."  Plaintiff alleges that he was seen
8   by defendant Buchanan after the injury who told plaintiff that the doctor was unavailable.  Plaintiff
9   alleges that Buchanan applied ointment to the wound and left it open and exposed.  He states that
10  after he returned from the medical facility, he began to experience intolerable pain.  He alleges that
11  he made numerous attempts to notify staff of his condition but it was not until later that evening that
12  he was able to convince an MTA that he needed immediate care.

13       Plaintiff alleges that Buchanan's failure to summon proper medical care for his injury
14  amounts to deliberate indifference.  He also alleges that as the Health Care Manager, it was
15  defendant  I. Baroya's responsibility to make sure plaintiff received the medical care he required.

16       Plaintiff alleges that Warden Sullivan, Associate Warden Todd, Captain Lopez and Sergeant
17  Johnson negligently supervised staff thereby causing plaintiff's injury.  Plaintiff alleges that
18  defendant McKinney failed to file a report regarding the incident despite her witnessing the injury.

19       Plaintiff's allegations are insufficient to state cognizable claims under section 1983  against
20  the named defendants.

21  **Medical Care**

22       A prisoner's claim of inadequate medical care does not constitute cruel and unusual
23  punishment unless the mistreatment rises to the level of "deliberate indifference to serious medical
24  needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976).  The "deliberate indifference" standard involves
25  an objective and a subjective prong.  First, the alleged deprivation must be, in objective terms,
26  "sufficiently serious." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501
27  U.S. 294, 298 (1991)).  Second, the prison official must act with a "sufficiently culpable state of
28

1   mind," which entails more than mere negligence, but less than conduct undertaken for the very
2   purpose of causing harm.  Farmer v. Brennan, 511 U.S. at 837.  A prison official does not act in a
3   deliberately indifferent manner unless the official "knows of and disregards an excessive risk to
4   inmate health or safety." Id.

5   In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's
6   civil rights have been abridged, "the indifference to his medical needs must be substantial.  Mere
7   'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton
8   v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980), citing Estelle, 429 U.S. at 105-06.  "[A]
9   complaint that a physician has been negligent in diagnosing or treating a medical condition does not
10  state a valid claim of medical mistreatment under the Eighth Amendment.  Medical malpractice does
11  not become a constitutional violation merely because the victim is a prisoner." Estelle v. Gamble,
12  429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995);
13  McGuckin v. Smith, 974 F.2d 1050, 1050 (9th Cir. 1992), overruled on other grounds, WMX Techs.,
14  Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997)(en banc).  Even gross negligence is insufficient to
15  establish deliberate indifference to serious medical needs.  See Wood v. Housewright, 900 F.2d
16  1332, 1334 (9th Cir. 1990).  A prisoner's mere disagreement with diagnosis or treatment does not
17  support a claim of deliberate indifference.  Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

18  Deliberate indifference can be manifested by prison guards intentionally denying or delaying
19  access to medical care or intentionally interfering with the treatment once prescribed.  Estelle v.
20  Gamble, 429 U.S. at 104-05.  However, where a prisoner alleges a delay in receiving medical
21  treatment, the prisoner must allege that the delay led to further injury.  McGuckin v. Smith, 974 F.2d
22  1050, 1060 (9th Cir.  1992), overruled on other grounds, WMX Techs, Inc. v. Miller, 104 F.3d 1133,
23  1136 (9th Cir. 1997); Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir.
24  1985).

25  Although neither a physician's negligence nor a prisoner's disagreement with a particular
26  course of treatment states a claim for deliberate indifference, a prison medical staff's acts or
27  omissions will constitute deliberate indifference if staff members knew of and disregarded an
28

excessive risk to an inmate's health.  Farmer v. Brennan, 511 U.S. at 837.  Prison officials are deliberately indifferent to a prisoner's serious medical needs when they "interfere with treatment once prescribed." Estelle v. Gamble, 429 U.S. at 104-05.  The Ninth Circuit has found deliberate indifference where prison officials "deliberately ignore the express orders of a prisoner's prior physician for reasons unrelated to the medical needs of the prisoner." Hamilton v. Endell, 981 F.2d 1062, 1066 (9th Cir. 1992)(reversing summary judgment where prison officials forced prisoner to endure a plane flight that resulted in ear injury, in direct contravention of a treating physician's previous orders); Ortiz v. City of Imperial, 884 F.2d 1312, 1314 (9th Cir. 1989)(per curium)(reversing summary judgment where medical staff knew that pretrial detainee had head injury, but prescribed contraindicated medications, disregarding evidence of complications to which they had been specifically alerted by private treating physician); Tolbert v. Eyman, 434 F.2d 625 (9th Cir. 1970)(finding cognizable claim for deliberate indifference where warden refused to authorize prisoner's receipt of medicine that had been previously prescribed by a physician); Cf. McGuckin v. Smith, 974 F.2d 1050, 1062 (9th Cir. 1992)(where surgery recommended by prisoner's prior physician was severely delayed, court was unable hold doctors liable because prison administrators, not the doctors, were responsible for scheduling treatment).

        The Courts of other federal Circuits have also found deliberate indifference where prison officials ignore a previous physician's treatment plan.  White v. Napoleon, 897 F.2d 103 (3rd Cir. 1990)(finding cognizable claim for deliberate indifference where prison officials ignored private hospital's treatment orders and refused inmate's access to prescribed medication); Gill v. Mooney, 824 F.2d 192 (2nd Cir. 1987)(finding cognizable claim where prison officials refused to permit plaintiff to participate in exercise program prescribed by doctor); Eades v. Thompson, 823 F.2d 1055 (7th Cir. 1987)(finding cognizable claim where prisoner alleged that prison officials made him travel and carry a heavy box, causing a surgical incision to gape open, in violation of prior medical orders); Martinez v. Mancusi, 443 F.2d 921 (2nd Cir. 1970), cert. denied 401 U.S. 983, cited with approval by Estelle v. Gamble, 429 U.S. at 105 n.10 (finding deliberate indifference where prison staff forced post-surgical prisoner-patient to walk, ignoring warnings from hospital personnel that inmate should

not be moved); see also Carl T. Drechsler, Annotation, Relief Under Federal Civil Rights Acts to State Prisoners Complaining of Denial of Medical Care, 28 A.L.R. Fed. 279 (1976)(recognizing that, on the whole, courts do not condone the practice of prison officials ignoring orders rendered by a prisoner's previous physician).

Here, plainitff has alleged negligent care on the part of defendants Buchananc and Baroya but as noted, negligence is not sufficient to state a violation of the Eighth Amendment.

**Excessive Force**

"Whenever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishment Clause [of the Eighth Amendment], the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 7 (1992) (citing Whitley v. Albers, 475 U.S. 312, 320-21 (1986)). "In determining whether the use of force was wanton and unnecessary, it may also be proper to evaluate the need for application of force, the relationship between the need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'" Hudson, 503 U.S. at 7. "The absence of serious injury is . . . relevant to the Eighth Amendment inquiry, but does not end it." Id.

Not "every malevolent touch by a prison guard gives rise to a federal cause of action. Id. at 9. "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights." Id. (citing Johnson v. Glick, 481 F.2d 1028, 1033 (2nd Cir. 1973) (cert. denied sub nom. Johnson, 414 U.S. 1033 (1973)). "The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" Id. at 9-10.

Here, plaintiff characterizes defendant Bennett's conduct as negligent. Negligent conduct, even if it causes injury cannot serve as the basis for a constitutional claim under the Eighth Amendment. Plaintiff does not contend that defendant Bennett intentionally cut him when removing

the flex cuffs. While it is unfortunate that plainitff was injured, the allegations are not sufficient to state a claim under the Eighth Amendment.

**Supervisorial Liability**

Plaintiff also fails to state cognizable claims against the supervisory defendants Warden Sullivan. Associate Warden Todd, Captain Lopez and Sergeant Johnson.

Supervisory personnel are generally not liable under section 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under section 1983 based on a theory of supervisory liability, plaintiff must allege some facts that would support a claim that supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Although federal pleading standards are broad, some facts must be alleged to support claims under section 1983. See Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, 168 (1993).

Plaintiff has not alleged any facts indicating that these defendants personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black at 646. He therefore fails to state claims under section 1983 against defendants Sullivan, Todd, Lopez and Johnson.

**State law Claims**

Plaintiff has alleged numerous state law claims against the defendants including negligent

1  supervision, negligence per se, medical malpractice and violations of various California State
2  Statutes and Regulations.  Pursuant to 28 U.S.C. § 1367(a), in any civil action in which the district
3  court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other
4  claims in the action within such original jurisdiction that they form part of the same case or
5  controversy under Article III," except as provided in subsections (b) and ©.  "[O]nce judicial power
6  exists under § 1367(a), retention of supplemental jurisdiction over state law claims under 1367© is
7  discretionary."  Acri v. Varian Assoc., Inc., 114 F.3d 999, 1000 (9th Cir. 1997).  "The district court
8  may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district
9  court has dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367(c)(3).  The
10 Supreme Court has cautioned that "if the federal claims are dismissed before trial, . . . the state
11 claims should be dismissed as well."  United Mine Workers of America v. Gibbs, 383 U.S. 715, 726
12 (1966).  As discussed, at this juncture, plaintiff has failed to state any federal claims against the
13 named defendants.

14 **Leave to Amend**

15      In summary, the Court finds it necessary to dismiss the complaint in its entirety.  The Court
16 will grant plaintiff an opportunity to amend to cure the deficiencies of this complaint.  Failure to cure
17 the deficiencies will result in dismissal of this action without leave to amend.

18      If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions
19 complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy,
20 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named
21 defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some
22 affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v.
23 Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy,
24 588 F.2d 740, 743 (9th Cir. 1978).

25      In addition, plaintiff is informed that the Court cannot refer to a prior pleading in order to
26 make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended
27 complaint be complete in itself without reference to any prior pleading.  This is because, as a  general
28

1  rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57
2  (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves
3  any function in the case.  Therefore, in an amended complaint, as in an original complaint, each
4  claim and the involvement of each defendant must be sufficiently alleged.
5       In accordance with the above, IT IS HEREBY ORDERED that:
6            1.  Plaintiff's complaint is dismissed;
7            2.  The Clerk's Office shall send plaintiff a complaint form; and
8            3.  Plaintiff is granted thirty days from the date of service of this order to file an
9  amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of
10 Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket
11 number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original
12 and two copies of the amended complaint; failure to file an amended complaint in accordance with
13 this order will result in dismissal of this action for failure to state a claim and failure to comply with
14 the court's order.
15      IT IS SO ORDERED.
16  **Dated:   November 9, 2005**              **/s/ Dennis L. Beck**
    3b142a                                UNITED STATES MAGISTRATE JUDGE